UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket #: 25-CR-00455-1 & 2 |
| Plaintiff, | |
| | United States Courthouse<br>Philadelphia, PA |
| vs. | FEBRUARY 6, 2026<br>9:30 A.M. |
| DANTE SHACKLEFORD (1)<br>And<br>MUJAHID DAVIS (2), | |
| Defendants. | |

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE GAIL A. WEILHEIMER
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For The Plaintiff: | Robert Eckert, Esquire<br>Kwambina Coker, Esquire<br>U.S. Attorney's Office<br>615 Chestnut Street<br>Suite 1250<br>Philadelphia, PA 19106-4476 |
| For The Defendants:<br>Dante Shackleford | Angela Levy, Esquire<br>Federal Community Defender Office<br>601 Walnut Street<br>Suite 540 West<br>Philadelphia, PA 19106 |
| For The Defendants:<br>Mujahid Davis | Gina Amoriello, Esquire<br>Law Offices of<br>Gina A. Amoriello<br>1515 Market Street<br>Suite 1200<br>Philadelphia, PA 19102 |

Audio Operator: Sheila McCurry

Transcribing Firm: E-Typist, Inc.
3732 Fishcreek Rd., #935
Stow, Ohio 44224
833-389-7478

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

PROCEEDINGS

(Proceedings started at 9:30 a.m.)

COURT OFFICER: All rise. Court is now in session, the Honorable Gail A. Weilheimer, presiding.

THE COURT: Good morning, everyone. You may be seated.

Sheila, let me know when you're ready.

COURT OFFICER: Okay.

THE COURT: We are here in the matter of the United States of America versus Dante Shackleford and Mujahid Davis, Case Number 25-CR-455. We are here for a scheduling conference.

Now it was the intention of everyone that we have the Defendants present for this conference. But because we have a shortage of marshals, I was asked by the marshals if we could reschedule this, which I am not willing to do, but I am going to accommodate the Defendants' presence. The marshal shortage -- and I want to put this on the record. There are three trials going on right now. One which is a multi-defendant trial in front of Judge Murphy, and we not only are using all available marshals from this district, but we have borrowed marshals from other districts to accommodate the needs of the court. So we do not have anyone available for a scheduling conference today.

So our discussions today will be placed on the record.

I will transcribe that so you can share that with your clients. And we will also reschedule to go over what we've discussed here today if you want your clients to be present to hear it again, and that's not a problem. But I don't want to delay this scheduling of this matter since we were originally intended to meet on the 27th of January, but a snowstorm closed the courthouse, and we couldn't meet on that day.

So we're here for the purpose of discussing scheduling. Now the first question I have is I do have a speedy trial waiver from Ms. Levy on behalf of her client. I did not get one on behalf of Mr. Davis from Counsel. What's the plan?

MS. AMORIELLO: Your Honor, I can get one from him the next time I go see him. He's been in the SHU, just so Your Honor is aware. He does not get out of the SHU until February 28th. I attempted to see him twice and couldn't get out there. I saw him another time, and that time that I saw him, I didn't have it with me. So that's --

THE COURT: Okay. But are you anticipating there to be any issue with the waiver?

MS. AMORIELLO: No, I'm not.

THE COURT: Okay. So we don't have to worry about expediting this and somehow clearing everything in the next couple of weeks?

MS. AMORIELLO: No.

THE COURT: Just wanted to make sure.

MS. AMORIELLO: No, no issues.

THE COURT: Okay. What we can do is -- I know that you expect to be on trial next Friday, because originally, we were going to try to bring the Defendants in next Friday.

MS. AMORIELLO: That may change, Judge. I was supposed to have that scheduling conference at 9 a.m., but Judge Lightsey over at CJC said that I could go there after here. I have -- I'm approximately 90 percent sure that trial is not going. I had called -- the person was supposed to be writted (sic) in -- in my client -- it's a co-defendant case. My client's writ as of yesterday, he still was not writted in. So unless he was writted in overnight or today, the case is getting a date, but I won't know until approximately 11 a.m.

THE COURT: And that's fine. I don't need -- you're all welcome to show up again. I need someone on behalf of the Government. We were just going to be repeating everything we do today in front of your clients. And that will also give you the opportunity -- the marshals are typically willing to accommodate me if you need to sit on the second floor and meet with your client if you're not going to have the same opportunities across the street for a while. So we can make that happen if we need to.

But you can let us know the day before. I'll tentatively place this on the calendar for next Friday. If you

each speak to your clients and want to cancel that, that's fine. If you want to proceed because -- I recognize it is important for them to know what's going on, and I'm not minimizing that in any way, we just have the wrinkle between the snowstorm and the unavailable marshals. The marshals did say they availability for next Friday. But we're holding the spot. Let us know the day before if that changes or if you all don't need it.

So, with that, and if there's anything we're talking about that you want to go off the record, we can, but right now we're just talking on the record.

When we first spoke about this matter, we were waiting for superseding indictments, which have now come. Is it anticipated this is going to be a trial at this point?

MR. ECKERT: I would defer to the Defense on that, Your Honor.

THE COURT: Anticipated. I am not asking for guarantees.

MS. LEVY: Actually, Your Honor, Ms. Amoriello and I spoke, and we've both spoken with our clients. And our plan today was going to be to actually ask the Court for a little more time because the discovery is pretty voluminous. I've reviewed only a fraction of it. There's always a delay getting it over to Mr. Shackleford at the FDC. And I think Mr. Davis maybe hasn't seen anything because of his status in the SHU.

And so we think this might not be a trial, but we need to get through more discovery before we can represent that. And so maybe the best course of action is to give us another 30 to 60 days to continue reviewing discovery and then we can be in a better position to tell you whether or not we think this looks like a plea or we need to get a scheduling order to -- for litigation and for trial.

MS. AMORIELLO: I concur with that, Your Honor. Ms. Levy and I did speak with both of our clients prior to the January 27th date, and when we were coming here that day, we were going to ask you for another 30 to 60 days, and they both consented.

THE COURT: Okay. As long as we're going to have speedy trial waivers for both of them, I don't have a problem. Ms. Levy recently had a trial in front of me, so she knows my inclination to not continue matters. So the Government -- to manage expectations for everyone, my plan is -- some of my colleagues will continue criminal cases as many times as you all need them to. I don't do that. I like figuring out from the beginning what we need. If there's going to be a change of plea, that's fine. But as long as there's a speedy trial waiver, my goal is we give the Defense what time they need. But when I set a firm trial date, that's the trial date, and we all stick with it. And everyone's going to be expected to be prepared, absent a true emergency, as in someone going into

labor or having a heart attack.

MR. ECKERT: Understood, Your Honor.

THE COURT: So for the Government's perspective, any reason we shouldn't delay this for another 30 days, let them talk to their clients?

MR. ECKERT: No, I think that's great. I had spoken with both Ms. Hale -- I'm sorry, Ms. Levy. I apologize -- Ms. Levy and Ms. Amoriello, and that's fine with me. Makes sense.

THE COURT: Okay, perfect. Then let's find a date. You can take a seat.

MS. LEVY: I was going to ask what is the speedy trial date because I might need to update. The one that I submitted anticipated the January 27th status conference, so I might need to get you an updated one.

THE COURT: Well, I didn't look quite honestly, specifically at what you put in your speedy trial waiver. I was going off of the original speedy trial date, which, using the arraignment of Mr. Davis, would have been, I think, the end of December. I wrote it on a different piece of paper. I think I left it in my office. I think it might have been December 25th or 26th. Oh, December 26th was from his arraignment date.

MS. LEVY: So we should still have enough time.

MR. ECKERT: May I be heard now?

THE COURT: Sure, please.

MR. ECKERT: So Mr. Shackelford was arraigned on the 28th of January, so it should be 70 days from that date.

MS. LEVY: Oh, that's true.

THE COURT: Well, that was for the superseding arraignment.

MR. ECKERT: Right, it would be the last defendant arraigned on the superseding.

MS. LEVY: That's correct. I do think that's correct.

THE COURT: So because the federal speedy trial rules are new to me, when I was reviewing it this morning, it didn't seem like the superseding indictment when we're talking about similar facts and circumstances changed the speedy trial date. If you're all in agreement of that, that's great. But that wasn't what I was reading, so you all have been doing this longer than I have with speedy trials.

MS. LEVY: It might not be a full 70 days.

MR. ECKERT: I haven't looked at it today, so I'm going to speak off the cuff. But my understanding is its less defendant arraigned on the new charging document, which even though it -- it changed the circumstances for Mr. Davis greatly more than it did for Mr. Shackleford because he still needs to be presented and arraigned on that charging document. I believe that's what sets day one.

THE COURT: Okay. Sheila, let's just go off the record for a second.

(Off the record at 9:42:25)

(On the record at 9:47:18)

THE COURT: All right. Off the record, we had some discussions regarding scheduling in this matter. And collectively we have determined that March 3rd at 3 o'clock in the afternoon, we will reconvene for an in-person scheduling conference, at which time we will determine if this matter is proceeding to trial and, if so, set a trial date and all associated deadlines for that trial date.

If there is -- the Court will transcribe today's proceedings because we could not have the defendants present in case there was any question for them. If there is anything that needs to be addressed between now and our 30-day status date, if you are continuing having trouble having contact with your client, contact chambers. If we need to schedule an in-person matter just to give you that contact, we'll figure out what to do between the next date.

MS. AMORIELLO: Thank you, Your Honor.

THE COURT: Okay, anything else we need to address?

MR. ECKERT: No, Your Honor. Thank you.

MS. LEVY: No, Your Honor. Thank you.

THE COURT: Thank you. Counsel, it looks like you may have some people here in support of your client. Is there anything the Court needs to address?

MS. AMORIELLO: No. We've been in contact, and I'll

talk to them afterwards to explain what's going on.

THE COURT: Okay. All right. Very good. Thank you all. We'll see some of you on Monday at one. And I do appreciate that, and if you can't make it, it's totally fine. But, thank you.

MR. ECKERT: Thank you, Your Honor.

MS. LEVY: Thank you, Your Honor.

THE COURT: All right. Have a good day.

COURT OFFICER: All rise. Court is now adjourned.

(Proceedings were adjourned at 9:50 a.m.)

CERTIFICATION

I, a court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Deborah Eileen Quijano — April 3, 2026

Deborah Eileen Quijano — Date